[Cite as *Degrell v. Degrell*, 2020-Ohio-4760.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


KELENE M. DEGRELL

     Plaintiff-Appellee

-vs-

ROBERT A. DEGRELL

     Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Craig R. Baldwin, J.
Hon. Earle E. Wise, Jr., J.

Case No. 2020CA00006

O P I N IO N


CHARACTER OF PROCEEDINGS:    Appeal from the Stark County Court of
Common Pleas, Family Court Division,
Case No. 2019CU00003



JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    September 30, 2020


APPEARANCES:


For Plaintiff-Appellee

DOUGLAS C. BOND
Bond Law, Ltd.
600 Courtyard Centre
116 Cleveland Avenue, N.W.
Canton, Ohio  44702

For Defendant-Appellant

ROBERT A. DEGRELL – Pro Se
429 Parkview Street, N.E., #3
Massillon, Ohio  44646

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Robert A. Degrell ("Father") appeals the December 10, 2019 Judgment Entry entered by the Stark County Court of Common Pleas, Family Court Division, which overruled his objections to the magistrate's October 18, 2019 decision, and approved and adopted said decision as order of the court. Plaintiff-appellee is Kelene M. Degrell ("Mother").

STATEMENT OF THE CASE AND FACTS

**{¶2}** The parties' marriage was terminated by dissolution on December 16, 2014, in the Superior Court of California, County of Los Angeles. The judgment incorporated the parties' settlement agreement ("the Agreement"), which Mother and Father executed on August 25, 2014. The Agreement provided Mother would have sole custody of the parties' two minor children with Father having parenting time, and Father would pay child support in the amount of $1,254.00/month, effective September 1, 2014, as well as $1,875.00/month to offset Mother's childcare expenses, including tuition. Mother's childcare expenses at the time totaled $2,500.00/month.

**{¶3}** Pursuant to the language of the Agreement, the parties individually acknowledged they had been informed of their rights concerning child support, entered into the Agreement without coercion or duress, and recognized the Agreement was in the best interests of the children.

**{¶4}** Father was a licensed attorney in the state of California at the time the parties entered into the Agreement. An incident occurred between Mother and Father, which resulted in criminal charges being filed against Father. In March, 2017, Father was convicted and sentenced to jail. Father lost his employment and his license to practice

law as a result. Also, as a result of the incident, Mother moved with the children to Canton, Ohio, in May/June, 2017.

**{¶5}** On February 14, 2018, Father requested modification of his child support obligation from the Los Angeles County Department of Child Support Services ("LACDCSS"). LACDCSS found it did not have jurisdiction to modify the order. On February 13, 2019, Father filed a Request for Order in the Superior Court of California, seeking modification of his child support obligation. The California Superior Court conducted a hearing on March 19, 2019. Via Order filed March 28, 2019, the California Superior Court denied Father's request for modification of child support, finding Father failed to establish a sufficient change of circumstances to justify such modification. The Superior Court further found Ohio was the proper jurisdiction to determine matters of child support and modification. Father did not appeal this decision. Father filed another motion in the California Superior Court, requesting the Agreement be set aside. After conducting a hearing on June 10, 2019, the California Superior Court denied Father's request. Father also did not appeal this decision.

**{¶6}** On February 20, 2019, Mother filed a Motion and Notice to Register a Foreign Decree in the Stark County Court of Common Pleas, Domestic Relations Division. Via Order and Notice pursuant to R.C. 3127.35 filed February 20, 2019, the trial court registered the Judgment Entry issued by the California Superior Court on December 16, 2014, and as modified on July 17, 2018, in the Stark County Court of Common Pleas, Domestic Relations Division. Father was served notice of the registration on February 22, 2019.

**{¶7}** On August 22, 2019, Father filed a motion for change of child support. Mother filed a Motion to Determine Arrears on August 29, 2019. After Father failed to appear at the scheduled mediation, the magistrate conducted a hearing on October 8, 2019. Mother presented arrearage information from the Los Angeles Child Support Services Department ("CSSD") which showed Father had an arrearage of $112,202.31, through August, 2019, as well as arrearage information from the Stark County Child Support Enforcement Agency ("CSEA") which showed Father had an arrearage of $115,719.62, through October, 2019. Father argued he should not have to reimburse Mother for childcare expenses because he believed Mother did not incur any childcare expenses after she relocated to Ohio; therefore, those amounts should not have been included in the CSSD audit total. Father explained the parties agreed he would pay 75% of the actual childcare expenses Mother incurred, Mother failed to provide an accounting of her childcare expenditures as she was required to do, and Mother failed to notify Father and the court of any changes in the childcare amounts as she was required to do. Father did not present any evidence to establish these provisions were part of the Agreement.

**{¶8}** Via Decision filed October 18, 2019, the magistrate found Father's child support arrearages to be $115,719.62, as of October 7, 2019. The magistrate indicated it was "not inclined to go back in time and retroactively modify the parties' agreement regarding child care costs in order to reduce Father's arrearages, particularly in light of the fact that Father could have motioned the California court when he lost his employment in order to seek a reduction rather than waiting years later." Magistrate's Decision at 3. The magistrate further found the parties agreed Father was to pay $1,875/month without delineating a percentage to either party. The magistrate noted the Agreement did not

require Mother to provide an accounting of her childcare expenses or report any changes in those amounts to Father or the court. The magistrate added Father entered into the Agreement voluntarily and without duress or coercion.

{¶9} On October 18, 2019, Father filed a Motion to Set Aside the 10/10/19 Decision of the Magistrate, or in the alternative: Defendant's Objections to the Magistrate's Decision of 10/10/19. Via Judgment Entry filed December 10, 2019, the trial court overruled Father's objections, and approved and adopted the magistrate's decision as order of the court. The trial court ordered the trial previously scheduled for December 11, 2019, would proceed on that date. The parties appeared before the trial court on the scheduled trial date and advised the court they had reached an agreement as to all orders. In accordance with the parties' agreement, the trial court modified Father's child support obligation to $480.50/month for both children, retroactive to September 1, 2019. The trial court memorialized the parties' agreement via Agreed Entry filed December 12, 2019.

{¶10} Father filed a Notice of Appeal from the December 10, 2019 judgment entry on January 8, 2020. A second Notice of Appeal was filed on January 31, 2020. This Court sua sponte dismissed the appeal as untimely filed based upon the date of the second Notice of Appeal. Father filed a motion to reconsider, which this Court granted via Judgment Entry filed March 31, 2020.

{¶11} On January 27, 2020, Father filed Defendant's Appeal from the Magistrate's Decision of 10/28/2019 and Denial of Objection by Judge Nist dated 12/3/2019. After receiving leave from this Court, Mother filed her Brief on May 27, 2020. Mother also filed a motion to dismiss Father's appeal. Mother argued the appeal should be dismissed

because Father failed to comply with Local R. 5(A) as the record on appeal was incomplete and also failed to comply with App. R. 16 as his brief was noncompliant. On May 29, 2020, Father filed a request for leave to file an amended brief as well as a request for leave to file a transcript of the trial court's December 3, 2019 hearing on his objections to the magistrate's decision. Via Judgment Entry filed June 30, 2020, this Court denied Father's request for leave to file the December 3, 2019 transcript as Father made the request after the briefs had been filed. In a separate judgment entry also filed June 30, 2020, this Court denied Father's request for leave to file an amended brief.

ANALYSIS

**{¶12}** In his Brief to this Court, Father failed to include "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected" as required by App. R. 16(A)(3). Rather, in the Argument section of his Brief, Father set forth the following:

A. RETROACTIVE MODIFICATION OF CHILD SUPPORT AND CHILD CARE

B. REIMBURSEMENT OF CHILD CARE EXPENDITURES NOT MADE

**{¶13}** We shall address Father's assertions together.

**{¶14}** The gravamen of Father's arguments is the trial court abused its discretion in failing to make the order modifying child support retroactive to February 14, 2018, the date on which he requested modification from LACDCSS, or, at the latest, February 13, 2019, the date on which he filed his request for modification in the Superior Court of

California, and in ordering him to reimburse Mother for childcare expenditures she did not make.

{¶15} Before we address Father's arguments, we must first examine the state of the record before us. As noted in our Statement of the Case and Facts, on May 29, 2020, Father requested leave to file a transcript of the trial court's December 3, 2019 hearing on his objections to the magistrate's decision. This Court denied the request via Judgment Entry filed June 30, 2020. Father, nonetheless, filed the transcript of the December 3, 2019 hearing without leave of court. We find the transcript is not properly before this Court and we will not consider the transcript as part of the record before us.

{¶16} Father is appealing the trial court's December 10, 2019 Judgment Entry, which denied his objections to the magistrate's October 28, 2019 decision, and approved and adopted said decision as order of the court. In its December 10, 2019 Judgment Entry, the trial court specifically stated it had "reviewed the decision of the magistrate, the transcript of the proceedings, all relevant documents, *plus the statements presented at the objection hearing.*" (Emphasis added.) In the absence of this transcript, we are unable to review any additional evidence the trial court considered in overruling Father's objections to the magistrate's decision.

{¶17} When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. *Knapp v. Edwards Lab.*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980). Because Father has failed to provide this Court with a transcript, we must presume the regularity of the proceedings below and affirm. It is the duty of an appellant

to ensure the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the court in which he seeks review. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19, 520 N.E.2d 56 (1988).

**{¶18}** Despite the lack of the transcript of the December 3, 2019 hearing, we find, based upon the record properly before us, the trial court did not abuse its discretion in overruling Father's objections to the magistrate's decision.

**{¶19}** Father asserts the exorbitant arrearage balance would not exist but for the California Superior Court's denial of his February 13, 2019 motion based upon its incorrect determination Ohio was the proper jurisdiction to address matters of child support and modification. Father submits, because the California Superior Court's ruling was erroneous, the trial court should have made the modification of his child support obligation retroactive to February 14, 2018, the date on which he requested modification from LACDCSS, or, at the latest, February 13, 2019, the date on which he filed his request for modification in the Superior Court of California.

**{¶20}** The record reveals Father did not appeal the California Superior Court's decision. Father did not request a modification of his child support obligation from the trial court until August 22, 2019. After the trial court overruled Father's objections to the magistrate's decision, the parties reached an agreement as to all orders, including an agreement to a modification of Father's child support obligation to $480.50/month for both children, retroactive to September 1, 2019.

**{¶21}** In Ohio, the general rule is " '[a]bsent special circumstances, an order of a trial court modifying child support should be retroactive to the date such modification was first requested; the effective date of modification must coincide with some significant

event in the litigation, and an arbitrary date may not be employed.' " *Mauerman v. Mauerman*, 11th Dist. Trumbull No. 2002-T-0049, 2003-Ohio-3876, ¶18, quoting *Sutherell v. Sutherell*, 11th Dist. Lake No. 97-L-296, 1999 WL 417990, *4 (June 11, 1999). "The general rule is based on equitable principles in recognition of 'the substantial time it frequently takes to dispose of motions to modify child support obligations'. " *Zamos v. Zamos*, 11th Dist. Portage No. 2002-P-0085, 2004-Ohio-2310, ¶13, quoting *Hamilton v. Hamilton*, 107 Ohio App.3d 132, 139-140 (1995).

**{¶22}** Because Father agreed the modification be retroactive to September 1, 2019, and because September 1, 2019, is sufficiently close in time to August 22, 2019, the date on which Father first filed his motion requesting modification of child support in Ohio, we find the trial court did not abuse its discretion in selecting that date.

**{¶23}** Father also challenges the magistrate's decision finding Mother was entitled to retroactive reimbursement in the form of arrearages of $1,875/month for childcare expenses. Father contends Mother neither incurred nor paid such amounts. Father adds, to continue to make him pay $1,875/month based upon the Agreement executed in 2014, results in Mother being unjustly enriched. We disagree.

**{¶24}** Father's responsibility to reimburse Mother for childcare expenses was a separate obligation under the parties' original dissolution agreement. Father must seek modification of that provision of the Agreement in the appropriate forum.

**{¶25}** Based upon the foregoing, we overrule Father's assignments of error.

**{¶26}** The judgment of the Stark County Court of Common Pleas, Family Court Division, is affirmed.

By: Hoffman, P.J.

Baldwin, J. and

Wise, Earle, J. concur